IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TODDY GEAR, INC.,

　　　　　　　　Plaintiff,

　　　　v.

CLEER GEAR, LLC,

　　　　　　　　Defendant.

Case No. 13 C 1926

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss the Complaint, or, in the Alternative, to Transfer Venue to the Northern District of California. For the reasons stated herein, the Motion is denied.

## I.  BACKGROUND

Plaintiff Toddy Gear ("Plaintiff") manufactures a product known as the Toddy Smart Cloth, a microfiber designed for scratch-free cleaning of sensitive surfaces, such as phone or tablet screens. The Toddy is coated with an antimicrobial substance that helps users clean, buff, and polish their screens. The coating helps prevent the buildup of mold or mildew on the cloth but does not kill germs. Plaintiff is an Illinois corporation with its principal place of business in Chicago, Illinois.

Defendant Cleer Gear ("Defendant") is alleged to have created a knock-off product, called the Schatzii, that copied the Toddy's

size, dimensions, color, and other characteristics.  Compl. ¶ 11.
Defendant sells the Schatzii to consumers over the internet and
distributes the Schatzii through various retailers.  Consumers in
Illinois purchase the product online and through retail stores,
including Macy's and Target.  Plaintiff alleges that Defendant
promoted its product by stating falsely that it is antibacterial
and kills germs.  For example, the Schatzii's packaging states that
the product was "expertly created to keep your favorite gear
sparkling and germ free."  Compl. ¶ 12.  Plaintiff also alleges
that Defendant lifted text, word for word, from Plaintiff's
website.  Apparently, Defendant's copying was so sloppy that links
imbedded in the website text went unchanged; consequently, users
who clicked on links on Defendant's website were redirected
inadvertently to Plaintiff's website.

Plaintiff alleges that Defendant's marketing of the Schatzii
violates the Lanham Act and the Uniform Deceptive Trade Practices
Act.  Plaintiff also brings one count for tortious interference.
Defendant has moved to dismiss under Rule 12(b)(2) for lack of
personal jurisdiction and 12(b)(3) for improper venue.  In the
alternative, Defendant moves to transfer venue pursuant to 28
U.S.C. § 1404(a).

## II.  **ANALYSIS**

### A.  **Personal Jurisdiction**

Because the Lanham Act does not authorize nationwide service of process, *see, Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004), a federal court sitting in Illinois may exercise jurisdiction over a defendant only if authorized to do so by both Illinois law and the United States Constitution.  *BE2 LLC v. Ivanov,* 642 F.3d 555, 558 (7th Cir. 2011); FED. R. CIV. P. 4(k)(1)(A).  Illinois's long-arm statute permits the exercise of jurisdiction to the full extent permitted by the federal Constitution, so the state and federal inquiries merge.  735 Ill. Comp. Stat. 5/2-209(c); *uBID, Inc. v. GoDaddy Group, Inc.,* 623 F.3d 421, 425 (7th Cir. 2010).

Plaintiff has not argued that Defendant is subject to general jurisdiction in Illinois, so the only question is whether Defendant is subject to specific jurisdiction.  A Court has specific personal jurisdiction where (1) the defendant has "purposefully directed his activities" at the forum state or "purposefully availed himself of the privilege of conducting business in [that] state," (2) the alleged injury arises out of the defendant's forum-related activities, and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.  *Felland v. Clifton,* 682 F.3d 665, 673 (7th Cir. 2012).

## 1. *Purposeful Direction*

Plaintiff argues that the Court has jurisdiction over Defendant because Defendant aimed its tortious business activities at Illinois. Before a Court may exercise jurisdiction over an out-of-state defendant in this context, the Court must be satisfied that the Defendant's conduct was (1) intentional, (2) expressly aimed at the forum state, and (3) undertaken with the knowledge that the plaintiff would be injured in the forum state. *Tamburo v. Dworkin,* 601 F.3d 693, 703 (7th Cir. 2010); *see also, Calder v. Jones,* 465 U.S. 783, 789 (1984) (Court had jurisdiction over out of state defendants where plaintiff's injuries were suffered in the forum state and resulted from defendants' allegedly intentional and tortious actions).

In *Tamburo,* the plaintiff was an Illinois resident who created an online database that pulled information from other websites. 601 F.3d at 698. Defendants operated those other websites, and, upon realizing that the plaintiff had obtained and repackaged their information, posted accusations against the plaintiff and urged readers to boycott his product. *Id.* The Court found that the plaintiff had alleged properly that the defendants had interfered with his business intentionally. *Id.* at 704. The Court explained that, even though the defendants' conduct occurred outside the forum state, the defendants "specifically aimed their tortious conduct at [the plaintiff] and his business in Illinois with the

knowledge that he lived, worked, and would suffer the brunt of the injury there." *Id.* at 706. The Court concluded that the Defendants "purposefully directed their activities at Illinois." *Id.* at 708.

Here, Plaintiff alleges that Defendant "made efforts to copy [Plaintiff's product] in every way." Compl. ¶ 13. Defendant's product is alleged to be "an exact replica of [Plaintiff's product], including the size, dimensions, color and other characteristics." *Id.* at 11. Defendant's product reaches Illinois customers through direct internet sales and through retailers in Illinois. With these allegations, Plaintiff has pled properly that Defendant's conduct was calculated to take Plaintiff's business, the effects of which would be felt in Illinois. These allegations satisfy the "purposeful direction" requirement. *See also, Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1078 (10th Cir. 2008) (explaining that "actions that are performed for the very purpose of having their consequences felt in the forum state are more than sufficient to support a finding of purposeful direction under *Calder*").

### 2. Relation to Forum

The Court may exercise jurisdiction only if the alleged injury arises out of the defendant's forum-related activities. *Felland,* 682 F.3d at 673. In *Tamburo,* the Court concluded that, because the defendants "expressly aimed their allegedly tortious conduct at

[the plaintiff] . . . for the purpose of causing him injury [in Illinois]," the Plaintiff's claims "arise directly out of the individual defendants' contacts with Illinois." *Tamburo,* 601 F.3d at 709.

That reasoning applies here. Plaintiff alleges that Defendant copied Plaintiff's product and advertised its knock-off in violation of federal and state law. The alleged false statements were calculated to influence purchasing decisions by consumers, the effects of which were felt in Illinois because the product was purchased in Illinois. These allegations are sufficient to show that Defendant's conduct was aimed at Plaintiff in Illinois, and thus that Plaintiff's injury arises out of Defendant's forum-related activities.

### 3. *Fair Play and Substantial Justice*

The Court must consider whether exercising jurisdiction over Defendant would offend traditional notions of fair play and substantial justice. *See, Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Relevant factors include the burden on the defendant, Illinois's interest in adjudicating the dispute, Plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. *Tamburo,* 601 F.3d at 709.

Illinois has a strong interest in providing a forum for its residents and local businesses to seek redress for injuries suffered within the state and inflicted by out-of-state actors. *Id.* Plaintiff is an Illinois company, and Illinois has an interest in preventing allegedly infringing products – such as Defendant's – from crossing its state lines. *Eazypower Corp. v. ICC Innovative Concepts Corp.,* No. 98-CV-3189, 1999 WL 66576, *4 (N.D. Ill. 1999). Even though Defendant's sales in Illinois are minimal, Defendant still makes some sales to Illinois customers. *See, Dental Arts Laboratory, Inc. v. Studio 360 The Dental Lab, LLC,* No. 10-CV-4535, 2010 WL 4877708, *8 (N.D. Ill. 2010) (exercising jurisdiction over a company that made sales into Illinois and was engaged in dispute with Illinois company was fair). Applying these factors, the Court is satisfied that its exercise of jurisdiction over Defendant comports with traditional notions of fair play and substantial justice. The Court has personal jurisdiction over Defendant, so the Motion to Dismiss for lack of jurisdiction is denied.

### B. Improper Venue

The Lanham Act has no special venue provision, so venue is governed by 28 U.S.C. § 1391, the general federal venue statute. Under the statute, venue is proper in a judicial district in which any defendant resides. 28 U.S.C. § 1391(b). For venue purposes, a corporate defendant resides in a district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). Because Defendant is

subject to personal jurisdiction in Illinois for this action, Defendant is also deemed to reside in Illinois. This district is a proper venue, so the Motion to Dismiss for lack of venue is denied.

## C. Transfer of Venue

Even if venue is proper, Defendant asks this Court to transfer the case to the Northern District of California. Transfer of venue under § 1404(a) is appropriate if three conditions are met: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *TruServ Corp. v. Neff,* 6 F.Supp.2d 790, 793 (N.D. Ill. 1998).

As discussed above, venue is proper in this District. Venue is also proper in the Northern District of California because Defendant's principal place of business is in California. *See,* 28 U.S.C. § 1391(b),(c).

As to convenience, the defendant has the burden of showing that the transferee forum is "clearly more convenient." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir. 1989). To determine whether transfer will serve the convenience of the parties and witnesses and promote the interests of justice, courts consider both private and public interests. *TruServ,* 6 F.Supp.2d at 793.

### 1. *Private Interest*

Private interest factors include (1) the plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof in each forum including the courts' power to compel the appearance of unwilling witnesses and the costs of obtaining the attendance of witnesses, and (4) convenience to the parties, including their residences and their abilities to bear the expense of trial in a particular forum. *Id.*

Plaintiff has chosen to bring suit in Illinois. That choice is given substantial weight, particularly because Plaintiff has chosen its home forum. *Midas Int'l Corp. v. Chesley,* No. 11 C 8933, 2012 WL 1357708, at *3 (N.D. Ill. April 19, 2012).

Defendant asserts that all of the allegedly tortious activities – testing, packing, labeling, shipping, marketing, and the like – took place in the Northern District of California. The "material events" inquiry focuses on the location of the actions creating the injury, not the location of the injury itself. *Event News Network, Inc. v. Thill,* No. 05 C 2972, 2005 WL 2978711, at *4 (N.D. Ill. Nov. 2, 2005). Thus, this factor weighs in favor of transfer to California.

It is likely that the relevant documentary evidence is located in California. But regardless of which court hears the case, the evidence will need to be collected, copied, and sent to Plaintiff's counsel in Illinois. And the documentary evidence involved in this

case should be readily transferable, so transporting it does not pose a huge burden upon either party. *See, First Nat'l Bank v. El Camino Resources, Ltd.,* 447 F.Supp.2d 902, 912 (N.D. Ill. 2006). This factor is neutral.

Defendant asserts that California would be more convenient for witnesses. It points to several witnesses, not Defendant's employees, who live in California and would present relevant testimony. At the same time, these witnesses do not necessarily need to answer interrogatories from or give depositions in the same district where the Court sits. These days, it is increasingly practical to conduct discovery electronically and remotely. There may be some inconvenience when trial comes around, but Defendant has not presented evidence that the burden would be particularly substantial, or, for the witnesses who cannot or will not travel, that their deposition testimony could not be used in lieu of in-person testimony at trial. Overall, this factor favors transfer, but only slightly so.

Defendant, based in California, complains that litigating in Illinois is inconvenient. Plaintiff, an Illinois corporation, prefers its home state over California. This factor is neutral.

Overall, the private interest factors balance evenly on both sides.

## *2.  Public Interest*

Public interest factors include (1) the relation of the community to the issue of the litigation and the desirability of resolving controversies in their locale, (2) the court's familiarity with applicable law, and (3) the congestion of the respective court dockets and the prospects for earlier trial. *TruServ,* 6 F.Supp.2d at 793.

As discussed above, the injury occurred in Illinois, and Illinois courts have an interest in adjudicating controversies involving injuries to Illinois citizens.  This Court and the Northern District of California are equally familiar with the federal law on which Plaintiffs rely.  State law will play a role, but the parties have not briefed whether that will be Illinois law. Finally, this District and the Northern District of California have similarly busy dockets.  The public interest factors are neutral. The private interest factors are evenly balanced, as are the public interest factors.  "[W]hen the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff." *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 665 (7th Cir. 2003).  Certainly, Defendant has not met its burden of showing that the proposed alternate forum is "clearly more convenient."  Thus, the Motion to Transfer Venue is denied.  *See also, Eazypower Corp. v. ICC Innovative Concepts Corp.,* No. 98-CV-3189, 1999 WL 66576, *5 (N.D. Ill. 1999)

(explaining that transfer should be denied where the transfer would simply shift the inconvenience from the defendant to the plaintiff).

### III.  <u>CONCLUSION</u>

For the reasons stated herein, Defendant's Motion to Dismiss, or, in the Alternative, to Transfer Venue [ECF No. 9] is denied.

**IT IS SO ORDERED.**


_____
Harry D. Leinenweber, Judge
United States District Court

Date:11/22/2013